JOSHUA H. T. RICE, defendant below, appellant, *v.* JOHN
BREHENY, plaintiff below, respondent.

A master, if he has notice of the illness of his apprentice at the house of a
brother of the latter, and takes no steps to have him removed to his own,
or he is too unwell to be removed, he will be liable to the latter for the
necessary expenses and trouble incurred by him during his illness, with-
out an express promise to pay for them.

PRONARR in assumpsit on appeal from a Justice of the
Peace, with the common counts and the usual pleas.   A
brother of the plaintiff below, being over fourteen years
of age, had indentured himself as an apprentice to the
defendant, and lived in his family.   During his appren-
ticeship, he was taken sick with the scarlet fever at his
brother's, the plaintiff's house, where he remained until
he recovered, who employed a physician and nurse to
attend him, and incurred other expenses on his account,
as well as inconvenience to his family during his illness ;
and the action was to recover for these expenses and this
inconvenience.   It was proved that the defendant had
notice of his illness at the house of the plaintiff, and had
said that he would not have him at his own with that
complaint for a hundred dollars.

*McCaulley*, for the defendant, objected to the right of
the plaintiff to recover for these expenses and attention,
without proof of an express promise by the defendant to
pay for them, as the law would not imply a promise
under the circumstances, and especially under the rela-
tion in which the apprentice stood to the plaintiff.   An
express promise should therefore be proved, or at least,
that the defendant authorized or requested the plaintiff
to take care of the apprentice, and to incur the trouble
and expenses proved on account of his illness.   *Dunbar
v. Williams*, 10 *Johns.* 249.   *Atkins et al. v. Banwell et al.*,
2 *East.* 505.

*Gordon,* for the plaintiff: The cases cited were not like the present, for in those cases there was no notice as in this, to the master, of the illness of his apprentice, and a total neglect on his part after receiving such notice, to take him home, or to make any provision for him during his illness. The defendant in the present case having neglected to do either after receiving such notice, certainly did not dissent, and must therefore be presumed to have assented to the plaintiff's making the proper and necessary provision for him under the circumstances.

*The Court, Gilpin, Ch. J., charged the jury:* That if the defendant had notice of the illness of his apprentice at the house of his brother, the plaintiff, and took no steps to have him removed to his own, or he was too unwell to be removed, and the attentions procured for him by the plaintiff were such as were necessary and proper under the circumstances and in the situation in which he was placed at the time, inasmuch as the law imposed an obligation on the master to take proper care of, and to make the necessary provisions for his duly indentured apprentice in sickness as well as in health, it would imply a promise by the defendant to pay the plaintiff for the expenses and trouble incurred by him in the present instance, and the latter would therefore be entitled to recover.